UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 24-00456-MCS (DFM) | Date: | January 31, 2024 |
|---|---|---|---|
| Title | Charmar Williams v. Superior Court of Los Angeles | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

Petitioner Charmar Williams, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons discussed below, Petitioner is ordered to show cause why this action should not be dismissed for failure to exhaust state judicial remedies.

## I. BACKGROUND

In February 2014, Petitioner was convicted on one count of deliberate and premeditated attempted murder (Cal. Penal Code §§ 664(a), 187(a)) and one count of possession of a firearm by a narcotic addict (Cal. Penal Code § 29800(a)(1)). See Superior Court of California, County of Los Angeles, Criminal Case Summary (search by case number "YA084964"), https://www.lacourt.org/criminalcasesummary/ui/Selection.aspx (last accessed January 30, 2024). In February 2015, the trial court sentenced Petitioner to a life term on the first count (with several enhancements, including a second life term to "double" the sentence under the Three Strikes Law, an enhancement of 25 years to life under Cal. Penal Code § 12022.53, and a five-year enhancement under Cal. Penal Code § 667(a)(1)) and four years on the second count. See People v. Williams, No. B263193, at 3 (Cal. Ct. App. Oct. 28, 2015).

Petitioner appealed his conviction. On October 28, 2015, the Court of Appeal affirmed the conviction but modified the judgment to strike the second life term and impose a 14-year minimum period of confinement on the attempted murder count. See id. at 6. Petitioner did not petition the California Supreme Court for review. See Petition at 3. On February 9, 2016, the trial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

court resentenced Petitioner to a term of life with a minimum period of confinement of 14 years plus 25 years plus 5 years. See Superior Court of California, supra. Petitioner does not appear to have filed any subsequent direct appeals. See Petition at 3.

Petitioner attempted to submit a habeas corpus petition to the trial court in 2017. See id. at 3-4. According to Petitioner, this petition "was sent but lost," he "had to resend" it, and the trial court never responded to him. Id. at 4. Petitioner lists the filing date of this petition as May 30, 2017. See id. at 3. Based on the attachments to the Petition, it appears that on November 19, 2023, Petitioner constructively filed a Notice and Request for Ruling with the trial court, requesting a ruling on his purported 2017 habeas petition filing. See id. at 9-10.

**II.   DISCUSSION**

In the instant action, Petitioner asserts five grounds for relief. Specifically, he appears to claim that (i) the district attorney's office and/or and law enforcement suppressed exculpatory evidence; (ii) the prosecution failed to disclose a leniency agreement made with a witness in exchange for testimony; (iii) the trial court abused its discretion by "disregarding [expert] testimony without good reason"; (iv) the trial court violated Petitioner's due process rights by allowing one of the prosecution's witnesses to be present while another of the prosecution's witnesses testified; and (v) Petitioner's trial counsel was improperly removed from the case before having the opportunity to file certain motions for Petitioner. See id. at 5-6.

Petitioner confirms in his Petition that he has not presented any of these claims to the California Supreme Court. See id.[1] This is a problem. Under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions be fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

---

[1] Petitioner checked a box indicating that he raised ground five in a petition for review to the California Supreme Court. See id. at 7. However, this appears to be an error, as Petitioner states elsewhere in the Petition that he did not file a petition for review at all. See id. at 4 (claiming that counsel failed to file petition for review and failed to properly advise Petitioner "as to expiration of statute of limitation for filing my own petition in pro se"). Further, based on a search of publicly available records, the Court is unable to identify any filings by Petitioner in the California Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). The petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Petitioner has not met his burden here. On the contrary, it is apparent from the Petition that none of his claims has been exhausted. Because the Petition is wholly unexhausted, it is subject to dismissal.

In Rhines v. Weber, the Supreme Court held that, in certain "limited circumstances," a district court may stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. 544 U.S. 269, 277 (2005). A district court may stay a wholly unexhausted petition under Rhines. See Mena v. Long, 813 F.3d 907 (9th Cir. 2016). The prerequisites for obtaining a stay under Rhines while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982.

Thus, if Petitioner wishes to pursue habeas relief in federal court, he must either demonstrate exhaustion or obtain a stay-and-abeyance under Rhines while he returns to state court to exhaust his claims.[2]

---

[2] Separately, the Court has concerns as to the timeliness of the Petition. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Ordinarily, the limitations period runs from the date on which the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Id.

Here, it appears that after the trial court resentenced Petitioner on February 9, 2016, Petitioner did not file any further appeals. If so, his conviction became final on April 9, 2016, after the time to appeal expired. See Cal. R. Ct. 803(a) (stating appeal must be filed within 60 days). AEDPA's one-year limitations period would have commenced the next day and expired one year later, on April 10, 2017. See 28 U.S.C. § 2244(d)(1). While Petitioner claims that he attempted to file a habeas petition one or more times in the trial court in 2017 and that the trial court never responded, he offers no evidence to demonstrate that the petition was properly filed. Moreover, Petitioner lists the date of filing as May 30, 2017, after the AEDPA limitations period appears to have expired. See Petition at 3. Thus, the instant Petition is likely untimely. However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

### III. CONCLUSION

**IT IS THEREFORE ORDERED that within twenty-eight (28) days of the date of this Order, Petitioner shall do one of the following:** (1) file additional documents to demonstrate that he has exhausted all claims contained in the Petition; (2) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1); or (3) file a formal motion for stay-and-abeyance under Rhines.

Petitioner is warned that his failure to timely respond to this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b).

---

because the Court has not received full information regarding Petitioner's state-court habeas filing(s), the Court does not reach the issue of timeliness in this Order.